*86 OPINION OF THE COURT
James P. Punch, J.
The relator in this matter filed a writ of habeas corpus seeking immediate release based on his erroneous release from the New Jersey Correctional System. The parties have appeared and a hearing was held setting forth the circumstances of relator’s release and the information of the respondent regarding his release.
The testimony indicates that relator was the subject of an extradition order which required the Orleans County Sheriffs Department to transport the relator to New Jersey for him to serve his sentence in New Jersey. At the completion of his sentence, relator was to be returned to New York to complete his sentence of three to six years. Relator testified at the hearing that he had not seen the extradition order. In January of 1997 relator was released from incarceration in New Jersey and was placed on probation. Relator states that he followed his probation and that the New Jersey officials knew where he was residing. He stated that he cared for his dying grandmother, started his own business, attended school and renewed his relationship with his wife and children while he continued to report to his probation officer. He further stated that he was confused regarding his conditional release date for his New York sentence and believed that it was September 1997. Relator indicated that he was questioned by the New York Police Department regarding his release on November 6, 1997 and was subsequently released on November 12, 1997. On February 10, 1998 he was taken into custody by the Inspector General to finish the balance of his New York sentence. Shortly thereafter he filed the writ of habeas corpus which eventually was venued in this county.
Testimony of the Inmate Records Coordinator and the documents received into evidence regarding the relator indicate that respondent was aware of relator’s release from New Jersey as early as February 20, 1997 and that New Jersey knew where the relator was residing. When the Inmate Records Coordinator requested what should be done, she was told that it was New Jersey’s responsibility to return the relator to New York and therefore she should notify New Jersey and make sure that they had a copy of the detainer. The records further indicate that a Division of Criminal Justice Services arrest notification was sent to Orleans Correctional Facility on November 6, 1997. However, at no time prior to February 10, *87 1998 was relator returned to respondent or is there any indication that an attempt was made to return him to Orleans Correctional Facility.
In order for the relator to be successful in his application for release, it must be proven that the government’s action is “ ‘affirmatively wrong’ ” or its inaction is “ ‘grossly negligent’ ” (see, Shelton v Ciccone, 578 F2d 1241, 1244, quoting Piper v Estelle, 485 F2d 245, 246; United States v Mercedes, 1997 WL 122785 [SD NY, Mar. 17, 1997, Sweet, J.]). There must be evidence that the government knew or should have known of the erroneous release. (See, United States v Mercedes, supra.) The court in Mercedes set forth factors to be considered such as the length of time between the mistake and the correction, whether the petitioner contributed to the error, the reasonableness of the petitioner’s expectations based on the error and the prejudice resulting from belated correction of the sentence, and the diligence of the government in prompt correction of the error.
The relator in this matter had been released for 13 months prior to his return to incarceration in New York. That is a reasonably short period of time compared with the other cases cited. In Shelton (supra) petitioner had been released for 7 years, while in Mercedes (supra) petitioner had been at liberty for 3V2 years.
With respect to whether the relator contributed to the error, the relator in this matter should have been transferred from New Jersey to New York without any action on the part of the relator. As in Mercedes (supra), there was no reason for the relator to make any commitment to surrender since the transfer should have taken place without his intervention. Additionally, the court found in Mercedes no evidence that petitioner knew his release was erroneous. In this case although relator knew that he had not served three years in New York, he also stated that he believed that his conditional release date was September 1997 and that he inquired as to whether there were any detainers filed against him. Therefore, it appears that relator did not know that his release was erroneous.
The third factor to be considered is the reasonableness of the relator’s expectations based on the error and the prejudice resulting from the belated correction of the sentence. The court in Mercedes (supra) stated that imposing a duty of inquiry on the convict is not as reasonable as it would be to a person at liberty awaiting initial incarceration since there was no unexplained freedom from imprisonment following the imposition of sentence. Additionally the District Court found that *88 Mercedes had made significant progress towards rehabilitation, that he had reported to the parole officer and complied with all conditions of parole, that he was employed and supporting his family, that the delay created a reasonable expectation of continued freedom and that executing his sentence at this time would disrupt his reintegration into the community and undermine his progress toward rehabilitation. The facts of this case indicate that relator had reported to his New Jersey parole officer and had complied with all conditions of parole. Additionally there is evidence that relator had opened his own business and that he had reestablished his ties with his family-
The final factor is the diligence of the government in prompt correction of the error. The court in Shelton (supra) found that the government failed to file a detainer; that the petitioner was taken into custody several times during the seven-year period and therefore the government should have been aware of his location and been able to execute the warrant. In Mercedes (supra) the court found that the petitioner was under the constant supervision of the parole authorities, which would give rise to an inference that the government should have been aware of his discharge earlier and thus acted more promptly to execute his sentence. In this case it is clear that respondent was aware of relator’s release from New Jersey and his current location within a month after he was released. Nine months later respondent was notified of his arrest. Throughout the entire time that relator was released, he was reporting to his parole officer. As with Shelton and Mercedes, relator was living under his own name and was gainfully employed. Furthermore, there was no evidence at the hearing that a detainer was ever filed.
Clearly respondent was aware of relator’s discharge and knew how to locate him at any time during his release. The evidence is clear that respondent knew of the erroneous release. The fact that respondent did not act on this information for 13 months constitutes an inaction that is “grossly negligent”.
Accordingly, it is hereby ordered that the writ of habeas corpus is granted, and it is further ordered that the relator be immediately released.